Opinion
 

 Per Curiam,
 

 This is an appeal from the grant of a demurrer in a prosecution for furnishing malt and brewed beverages
 
 *176
 
 to minors, the basis of which was that the Commonwealth had failed to prove beyond a reasonable doubt that the beverage served was in fact that type of beverage which is specifically prohibited by statute.
 
 Commonwealth v. Hefferman and Brodski,
 
 96 Pa. Superior Ct. 351 (1929).
 

 Article IV, §493(1) of the Liquor Code, Act of April 12, 1951, P. L. 90, Art. IV, §493, as amended, 47 P.S. §4-493(1), provides that it shall be unlawful “for any . . . person to . . . furnish or give any . . . malt or brewed beverages ... or to permit any . . . malt or brewed beverages to be . . . furnished or given ... to any minor . . . .”
 

 Article I, §102, defines “malt or brewed beverages” as “any beer, lager beer, ale, porter, or similar fermented malt beverage
 
 containing one-half of one per centum or more of alcohol by volume,
 
 by whatever name such beverage may be called.” (Emphasis added.)
 

 The Commonwealth made no effort to prove that the beverage was a “malt or brewed beverage” as defined in the Code, apparently being content to rest on statements by the minors involved that they were served “beer” and that they saw “beer” being served to others.
 

 The
 
 Green Gate Inn Liquor License Case,
 
 185 Pa. Superior Ct. 214, 138 A. 2d 292 (1958), cited by appellant is inapplicable, since in that case the defendant was licensed to serve liquor and the men who testified as to intoxicating beverages being served were agents of the Pennsylvania Liquor Control Board, admittedly competent and specially qualified to judge the nature of the beverage.
 

 The order of the court below is affirmed.
 

 Weight, P. J., and Montgomery, J., dissent and would grant a new trial.