## Kauffman Appeal.

Argued June 10, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*James P. Coho,* for appellant.

*James F. Heinly,* Assistant District Attorney, with him *Clarence C. Newcomer,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, September 11, 1969:

Appellant, a juvenile, was adjudged delinquent for violation of the Act of June 24, 1939, P. L. 872, §675.1, added August 14, 1963, P. L. 1098, as amended, 18 P.S. §4675.1, which in relevant part provides: "It shall be unlawful for a person less than twenty-one years of age to . . . consume . . . any alcohol . . . within the Commonwealth." This appeal followed.

At trial, two police officers and a fourteen-year-old boy testified that appellant consumed alcohol in his own home. The Commonwealth, however, stipulated that the case rested solely on the testimony of the boy and agreed to strike the testimony of the officers. After a careful review, we find that the testimony of the boy was insufficient to establish that appellant was seen drinking *alcohol.*[1] Thus, we must reverse and or-

---

[1] We need not reach the question whether, under *In re Gault,* 387 U.S. 1 (1967), the Commonwealth's allegations must be proved beyond a reasonable doubt. Under any standard, the order must be stricken because the evidence does not support the findings of the court.

der dismissal. See *Jackson Appeal*, 214 Pa. Superior Ct. 156, 251 A. 2d 711 (1969).[2]

Judgment of sentence is vacated, and appellant is discharged.

WRIGHT, P. J., would affirm on the opinion of President Judge WISSLER.

----

[2] We need not reach the question, therefore, whether appellant's right to privacy was unlawfully infringed. Cf. *Griswold v. Connecticut*, 381 U.S. 479 (1965); *Stanley v. Georgia*, 394 U.S. 557 (1969).