581 A.2d 1390

**COMMONWEALTH of Pennsylvania**

v.

**Kenneth Eugene WELLER, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 2, 1990.

Filed Nov. 5, 1990.

Nancy A. Patterson, New Bloomfield, for appellant.

Gloria J. McPherson, Asst. Dist. Atty., Shermansdale, for Com., appellee.

Before OLSZEWSKI, BECK and HOFFMAN, JJ.

OLSZEWSKI, Judge.

This is an appeal from a judgment of sentence rendered following a jury conviction of appellant for furnishing malt and brewed beverages to minors, a misdemeanor of the third degree.[1] Appellant's sole argument is that the Commonwealth failed to prove that the beverage furnished to the minors was a malt or brewed beverage as defined in § 6310.6 of the Crimes Code. We believe there was suffi-

---

1. 18 Pa.C.S.A. § 6310.1.

cient evidence to sustain the jury's verdict and affirm the judgment of sentence.

Upon review of the record, it appears that during investigation of an early morning automobile accident involving two minors, a Pennsylvania State Police Trooper learned that the two minors and one other companion, also a minor, had given appellant money for two cases of Coors beer. At trial, the minors testified that appellant had in fact purchased the beer for them. The state police officer testified that as a result of his investigation, he obtained seven cans of Coors Lite beer from one of the minors. This beer was presented as an exhibit at trial by the Commonwealth.

In determining the sufficiency of the evidence to support a finding that the beverage supplied to the minors was a malt or brewed beverage as defined in the statute, we apply the general standard of review and decide

whether, viewing all the evidence admitted at trial, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth, the trier of fact could have found that each element of the offense charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt.

*Commonwealth v. Tau Kappa Epsilon*, 385 Pa.Super. 247, 251, 560 A.2d 786, 789 (1989).

Section 6310.1 of the Crimes Code provides, in pertinent part:

(a) **Offense defined**—Except as provided in subsection (b), a person commits a misdemeanor of the third degree if he intentionally and knowingly furnishes, or purchases with the intent to sell or furnish, any liquor or malt or brewed beverages to a person who is less than 21 years of age.

Section 6310.6 defines malt or brewed beverages as:

Any beer, lager beer, ale, porter or similar fermented malt beverage containing 0.50% or more of alcohol by volume, by whatever name such beverage may be called.

■ Appellant contends that the Commonwealth failed to prove every element of the above offense in that no evidence was offered concerning the alcohol content of Coors beer. Appellant relies on *Commonwealth v. Erney*, 212 Pa.Super. 174, 239 A.2d 818 (1968), where the Superior Court held that the testimony alone of minors that they had been served beer was insufficient to support a conviction under § 493(1) of the Liquor Code.[2]

■ The *Erney* case, *supra*, is distinguishable from the present case because in *Erney*, the *only* evidence presented was the testimony of the minors that the defendant had served them beer. In the case before us, the record indicates that not only did the minors testify that appellant furnished beer to them, but an investigating state police trooper also testified that he obtained from the minors seven cans of beer which appellant had given them. Additionally, these seven cans of Coors beer were presented as an exhibit at trial. Had the seven cans of beer been properly offered and received into evidence at trial, then the sufficiency of the evidence presented could not be questioned, as we take judicial notice of the fact that Coors Lite beer is a malt or brewed beverage satisfying the statutory definition.

More recently, in *Commonwealth v. Tau Kappa Epsilon*, 385 Pa.Super. 247, 560 A.2d 786 (1989), we concluded that the Commonwealth's evidence was sufficient to support the jury's finding that appellants served malt or brewed beverages to minors in violation of § 493(1) of the Liquor Code. In that case, appellants, fraternities at Penn State University, were found guilty of furnishing beer to minors in violation of § 493(1) of the Liquor Code. As part of an investigation, members of the State College Bureau of Police Services made visits to fraternity houses during social functions and observed beer being served to minors.

---

2. This section, at 47 P.S. § 4–493(1), as amended, provides that it is unlawful: (1) "For any ... person to sell, furnish or give any liquor or malt or brewed beverages ... to any minor...." Malt or brewed beverages is defined in the Liquor Code identical to its definition in the Crimes Code. 47 P.S. § 1–102.

The investigators testified at trial to that effect, in addition to the testimony of the minors. We distinguished the holding in *Erney* on the basis of this additional testimony of the investigating officers and held that the Commonwealth was not required to perform a chemical test to establish the exact alcohol content of the beer. The testimony of the minors in conjunction with that of the investigating officers was sufficient to support the jury's finding that appellants served alcohol to minors.

Likewise, in the present case, the testimony of the minors, along with the testimony of the state police trooper, is sufficient to support the jury's conclusion that appellant furnished malt or brewed beverages to minors in violation of 18 Pa.C.S.A. § 6310.1.

Accordingly, the judgment of sentence is affirmed.

BECK and HOFFMAN, JJ., concur in the result.