## Commonwealth v. Elliott

*John B. Kalinkos, assistant district attorney,* for the Commonwealth.
*Carole F. Kafrissen,* for defendant.

RUFE, John J., *J.,* March 26, 1991—Following his conviction for underage drinking, 18 ,Pa.C.S. §6308, defendant, David Elliott, filed post-trial motions in arrest of judgment and for a new trial which this court refused on February 11, 1991. Defendant thereafter filed an appeal to the Superior Court of this Commonwealth, thus giving rise to this opinion.

On February 10, 1990, around midnight, Office Donald R. Schwab of the Bensalem Township Police Department responded to the report of an accident at the intersection of Street Road and Windsor Drive. Upon the officer's arrival, defendant identified himself as the driver of one of the vehicles. Officer Schwab testified that defendant produced a driver's license which indicated that his date of birth was March 10, 1973, thereby making him 16 years of age at the time. The officer also testified that he detected an odor of alcohol on defendant's breath, whereupon defendant submitted

to a portable pre-arrest breath test which showed a result of 0.04 percent blood alcohol content. Officer Schwab placed defendant in custody and took him to police headquarters, at which time Officer Mark Blaszczyk administered an Intoximeter 300 breath test to him. This test result, which was stipulated to by defendant at trial, also yielded a result of 0.04 percent blood alcohol content.

On October 5, 1990, defendant was found guilty by the undersigned, sitting without a jury, of violating section 6308 of the Pennsylvania Crimes Code. Section 6308 provides:

"A person commits a summary offense if he, being less than 21 years of age, attempts to purchase, purchases, consumes, possesses or knowingly and intentionally transports any liquor or malt or brewed beverages as defined in section 6310.6." 18 Pa.C.S. §6308(a).

Defendant contends that the Commonwealth failed to prove that he was under 21 at the time of the offense because it failed to offer formal proof of his age. The defendant also urges that the evidence presented against him was legally insufficient to convict him of the summary offense of underage drinking.

In determining whether the Commonwealth has sustained its burden of proof, we must consider all of the evidence in the record and view it in the light most favorable to the Commonwealth as the verdict winner. *Commonwealth v. Ilgenfritz,* 466 Pa. 345, 348, 353 A.2d 387, 389 (1976). The question faced by this court is not one of credibility, but rather whether the evidence presented is legally sufficient to prove guilt beyond a reasonable doubt. *Commonwealth v. Yapsuga,* 369 Pa. Super. 336, 339, 535 A.2d 187, 188 (1987).

As to defendant's first argument, this court can find no merit. The Commonwealth relied upon the testimony of Officer Schwab that the defendant's driver's license which was produced at the scene indicated that he was 16 years of age. Although defendant's attorney objected to the admissibility of this testimony, the testimony itself is undisputed. Officer Schwab even noted defendant's date of birth as stated on his license: March 10, 1973. The mere fact that the Commonwealth failed to present a certified copy of defendant's birth certificate or driver's license does not mean that it has failed to meet its burden. Moreover, defendant's bald assertion that the Commonwealth must offer formal proof of defendant's age in order to sustain its burden is without foundation. We find that Officer Schwab's testimony was sufficient.

Defendant's next argument is that the results of the breath tests taken at the scene and at police headquarters should have been ruled inadmissible. Defendant bases this argument on section 1547(c) of the Vehicle Code, which states that chemical tests are admissible "[i]n any summary proceeding or criminal proceeding in which the defendant is charged with a violation of section 3731 (driving under the influence of alcohol) or any other violation of this title arising out of the same action . . ." 75 Pa.C.S. §1547(c).

We do not read section 1547 as limiting the introduction of chemical tests in non-Vehicle Code cases. We say this because the language of the statute is inclusive, not exclusive. To hold in accordance with defendant's contentions would contradict the rules of statutory construction. 1 Pa.C.S. §1921(b).

Moreover, we hold that, in accordance with the Pennsylvania Superior Court, results of breath-

alyzer tests are like the fruits of a legal search and seizure and are admissible as such. *Commonwealth v. Anderl,* 329 Pa. Super. 69, 85, 477 A.2d 1356, 1364 (1984). Since Officer Schwab smelled alcohol on defendant's breath, he had probable cause to give defendant a breath test in order to determine whether he was driving under the influence of alcohol. Defendant thereafter agreed to come to headquarters to take a second breath test on the Intoximeter. Since this evidence clearly shows that the "search" was a legal one, the fruits thereof were admissible.

Defendant's final argument is that even if the breath test results were admissible, the evidence was nevertheless insufficient to find him guilty beyond a reasonable doubt. In particular, defendant suggests that his conviction cannot stand because Officer Schwab did not see him actually consume, possess or transport alcohol.

This court takes note of certain case law decisions which were ruled upon under section 6308's statutory predecessor, 18 Pa.C.S. §4675.1, a piece of legislation containing language similar to the modern statute. In ruling upon this statute, the Pennsylvania Superior Court held that a 14-year-old's testimony that another juvenile consumed alcohol in his own home was insufficient to establish that the juvenile committed the offense of underage drinking. *In re Kauffman,* 215 Pa. Super. 110, 111, 257 A.2d 313, 314 (1969). In another case, the court ruled that a police officer's testimony that a minor was walking on the street at 3 a.m. with the odor of alcohol on his breath did not, in and of itself, establish a violation of the former statute. *Commonwealth v. Pincavitch,* 206 Pa. Super. 539, 543, 214 A.2d 280, 281 (1965). These decisions are distinguishable from the case at bar, in which the defendant had an odor of alcohol

emanating from his breath, plus two breath tests produced results which indicated a 0.04 percent blood alcohol content. The distinction lies with the fact that the breath tests have shown that the defendant consumed alcohol, and that mere circumstantial evidence was not the basis for this finding. Furthermore, we do not believe that a police officer must actually observe the defendant consume, possess or transport alcohol where chemical testing proves its presence. Therefore, this court finds that the evidence presented was legally sufficient to sustain a conviction. For the foregoing reasons, we entered our order of February 11, 1991.