589 A.2d 1147

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Steven M. TRUNZO, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 5, 1990.

Filed April 23, 1991.

Joseph E. Buckley, Jr., Brookville, for appellant.

Timothy P. Morris, Asst. Dist. Atty., Reynoldsville, for Com., appellee.

Before ROWLEY, POPOVICH and MONTGOMERY, JJ.

POPOVICH, Judge:

This case involves an appeal from the order of June 28, 1990, sentencing the defendant/appellant (Steven M. Trunzo) to ninety days probation for underage drinking (18 Pa.C.S. § 6308(a)). We affirm.

The facts, viewed in a light most favorable to the verdict-winner, reveal that Officer Kevin C. Bickle, of the Brooksville Borough Police Department, received a radio call at approximately 12:10 a.m. to proceed to the Days Inn to investigate a "problem".[1] Officer Bickle came to the conclusion that the matter involved underage drinking. He "assumed" this was the problem since he had been to the inn on "numerous other occasions just like this", and "nor-

---

1. It appears that a constable contacted Officer Bickle by radio and informed the police "he needed [them] at the inn."

mally with that kind of information at that time on Sunday, it has something to do with underage drinking."

Upon arriving at the scene, Officer Bickle interviewed those present, one of whom was the appellant. In the course of his investigation, the officer learned that the appellant was nineteen years old. Additionally, in questioning the appellant, the officer detected an "odor" of alcohol on the appellant's breath, and, moreover, obtained an admission to drinking two Coors Light beers.

Based on Officer Bickle's "training and experience" (eleven years on the police force), and the believability that there was "possibly" other alcohol somewhere in the vehicle, he conducted a search of the interior of the appellant's vehicle. At that time, the appellant was standing outside of the vehicle and to the rear portion of the driver's side, the door to which had remained open since the police's arrival.

When no alcoholic beverages were found inside the vehicle, Officer Bickle asked, but was refused initially, to search the vehicle's trunk. After the officer explained to the appellant that a warrant could be obtained to conduct the search, during which time his vehicle would be impounded, the appellant "finally opened the trunk", and the police discovered eight bottles of Coors Light. The beer was seized and the appellant was issued a citation for underage drinking.

After the completion of the Commonwealth's case, counsel for the appellant asked the trial court to "reconsider" the denial of his motion to suppress. It appears that counsel for the appellant had not filed a formal omnibus pre-trial motion and attempted to argue orally his suppression claim prior to the commencement of the bench trial. The court denied the motion since it had not been raised timely, *i.e.*, during the time-span between the hearing before the District Justice and the trial *de novo* before Common Pleas Court.

Nonetheless, thereafter, the trial court permitted counsel for the appellant to present testimony to refute the Com-

monwealth's version of the case. This took place through the testimony of Steven M. Trunzo.

Trunzo recounted telling the constable his age and denying he consumed any alcohol. When he refused to open the trunk of his vehicle, the police were summoned. With their arrival, the appellant again refused, repeatedly, to open the trunk to his automobile, even with the officer's threatened use of force, impoundment of his vehicle and the securement of a warrant if consent were not given to search the vehicle.

The appellant's version presented the police as individuals who "pulled" his car keys from his hand to open the trunk and wherein bottles of Coors Light were located and confiscated. With this recovery, the appellant tells of being asked by Officer Bickle whether he "drank two beers," to which he answered, "Yes".

At the close of the case, counsel for the appellant argued that the warrantless search was improper in the absence of exigent circumstances and the use of coercion by the police to secure entry into the trunk. Moreover, counsel argued that the police lacked even "reasonable suspicion" that a crime had been committed and that the appellant had committed it.

Counsel for the Commonwealth retorted that consent to search had been established and was not vitiated by alleged "threats" against the appellant, the latter of which was the product of "incredible" testimony by the accused. Further, counsel for the Commonwealth stated that the police acted properly given the (1) odor of alcohol, (2) admission, (3) knowledge by the police of the appellant's age, (4) knowledge by the police that one under twenty-one is prohibited from consuming alcohol, and (5) awareness that the appellant drove to Days Inn.

The trial court refrained from ruling on the legality of the warrantless search because this was reflective of a "possession" of alcohol charge and the appellant had been cited for "consumption" of alcohol. As a result, the trial court

concerned itself with focusing on the officer's testimony that he smelled alcohol on the appellant's breath, and, consequently, found him guilty of underage drinking in violation of Section 6308(a).

■ Post-trial motions were filed and denied by an order dated May 2, 1990. In an accompanying opinion, the trial court wrote that it "may have erred" in holding the appellant guilty of violating Section 6308(a) based upon the police's testimony that he smelled alcohol on the appellant's breath where the Commonwealth failed to establish that the beverage consumed contained 0.50% (or more) of alcohol by volume. Likewise, the trial court considered the voluntariness of the appellant's admission to drinking to be "somewhat suspect".[2]

Nevertheless, the trial court held that the police had probable cause to search the trunk, notwithstanding the appellant's statement to the contrary, and the contents found therein constituted a violation of Section 6308(a). Probable cause to search was premised upon: (1) the odor of alcohol on the appellant's breath, (2) the fact that the appellant was nineteen years of age, (3) the fact that the appellant's car door was open when the police arrived at the scene, and (4) the officer's experience that the area was a known drinking site for underage individuals.

■ With regard to sentencing, this was imposed on June 6, 1990, and directed that the appellant be placed on probation for six months, pay the cost of prosecution, pay the

2. To the extent that the trial court found the appellant's "admission" to consuming alcohol "suspect", it could be read as a "re-assessment" of credibility, giving the conflicting versions offered by the officer and the appellant on the "admission" issue, after a verdict of guilty had been entered. N.T. 39. This type of post-verdict credibility re-evaluation is not favored in the law. Cf. *Commonwealth v. Stark*, 526 Pa. 1, 584 A.2d 289 (1990).

The court's decision finding the appellant guilty of underage drinking because of the "odor" of alcohol detected by Officer Bickle, of necessity, discounted the "admission" in reaching its decision. N.T. 38. Perforce, the matter was closed and could not have been resurrected in a post-verdict context. *Stark*, supra. Accordingly, we do not look to this disputed evidence in our assessment of the case.

sum of $150.00 for the use of Jefferson County, and the appellant was required to ("shall") participate in and complete successfully a Juvenile/Adolescent Alcohol Intervention Program at Gateway Clinic. Thereafter, by order dated June 28, 1990, the court amended the period of probation ("sentencing") to extend for only a period of ninety days. This appeal followed from the entry of the June 28, 1990, order.[3]

The first issue posed claims that the trial court erred in convicting the appellant of "consuming" alcoholic beverages, in violation of Section 6308(a), "based solely on the citing officer's testimony that he allegedly detected the odor of

3. As is well known, the judgment in a criminal case is the sentence and not the conviction; final judgment in a criminal case means sentence. See *Commonwealth v. Smith,* 322 Pa.Super. 389, 469 A.2d 676, 679 (1983). To the extent that the appeal is from an order, as compared to the judgment of sentence imposed, we find the misnomer to be a procedural defect not impacting upon the jurisdiction of this Court to entertain the appeal. See, *e.g., Dalkiewicz v. Redevelopment Authority of Luzerne County,* 403 Pa.Super. 244, 588 A.2d 932, 933 n. 1 (1991); *Commonwealth v. Gussey,* 319 Pa.Super. 398, 466 A.2d 219, 220 n. 1 (1983). Thus, we see no need to remand for the entry of a formal judgment of sentence to rectify the misnomer attached to the appeal taken by the appellant. However, we would advise the parties and the court alike to be conscious of the need to comply with the Rules of Criminal Procedure to avoid a disregard for the form in which a case is to proceed through the judicial process. Id.

For edification purposes, given counsel for the appellant's admitted "confusion" as to whether he could have filed a formal omnibus pre-trial motion to suppress in Common Pleas Court, as compared to raising it orally at pre-trial following the District Justice's finding the appellant guilty of the summary offense of underage drinking, we would point out that since *Commonwealth v. Koch,* 288 Pa.Super. 290, 431 A.2d 1052 (1981) (en banc), it has been the practice in this Commonwealth that:

"once an appeal is taken to the Court of Common Pleas [from a summary conviction], ... all general provisions of the criminal rules become applicable to the trial de novo unless specifically made inapplicable [e.g., Rules 1100 and 316]." Id., 288 Pa.Superior Ct. at 294 & n. 5, 431 A.2d at 1054 & n. 5. *Accord Commonwealth v. Pringle,* 304 Pa.Super. 67, 450 A.2d 103 (1982); Comment to 1982 edition of Pa.R.Crim.P. 67 ("Upon appeal from a summary judgment and after a finding of guilty at a trial de novo in the court of common pleas, Rule 1123 is intended to require post-verdict motions in the common pleas court").

*Gussey,* supra, 319 Pa.Super. at 402 n. 3, 466 A.2d at 221 n. 3.

alcoholic beverages on [the appellant's] breath." More specifically, counsel for the appellant contends that the "key" factor in justifying a reversal of the appellant's conviction is the Commonwealth's failure to present evidence that the appellant "consumed beverages that contained at least 0.50% alcohol by volume," a requirement, the satisfaction of which is, necessary to establish a contravention of Section 6308(a).

■ Before addressing the appellant's challenge to the sufficiency of the evidence, we need to dispose of the second question proffered, *i.e.*, whether the warrantless search of the vehicle, from which was seized eight Coors Light beers and looked to by the trial court as the basis for the Section 6308(a) violation, was permissible?

There is no indication that the search was effectuated incidental to an arrest, or justified by exigent circumstances or was consensual, so as to dispense with the securement of a warrant. See *State v. Spellman*, 153 Conn. 65, 212 A.2d 413 (1965); 45 Am.Jur.2d, *Intoxicating Liquors*, §§ 469, 470 (1969). Consequently, it needs to be decided whether Officer Bickle had probable cause to believe that a summary offense was being committed in his presence. No authority justifies an arrest without a warrant for a summary offense committed beyond the presence of an arresting officer in the absence of a statute giving that right. See *Miles v. Com., Dept. of Trans.*, 8 Pa.Cmwlth. 544, 304 A.2d 704, 707 (1973).

The offense for which the appellant was charged with committing and ultimately convicted, a violation of Section 6308(a), is a summary offense. The method by which proceedings for a summary offense can be instituted are governed by Pa.R.Crim.P. 51, which provides:

Rule 51. MEANS OF INSTITUTING PROCEEDINGS IN SUMMARY CASES

Criminal proceedings in summary cases shall be instituted either by:

(a) issuing a citation to the defendant; or

(b) filing a citation; or

(c) filing a complaint; or

(d) arresting without a warrant when arrest is specifically authorized by law.

Accordingly, the only permissible arrest without a warrant for a non-traffic summary offense occurs where the arrest "is specifically authorized by law." Additionally, in the *Comment* to Pa.R.Crim.P. 70, in discussing procedures to follow in summary cases when a defendant is arrested without a warrant,

It is intended that these proceedings will be instituted by arrest only in exceptional circumstances such as those involving violence, or the imminent threat of violence, or those involving a danger that the defendant will flee.

At bar, the police issued the appellant a citation for underage drinking because the appellant had "admitted drinking two (2) Coors Light beers" and was in "possession" of eight Coors Light beers while under the age of 21. Thus, the issuance of the citation, versus arresting the appellant, was the correct procedure to follow. See *Commonwealth v. Shillingford,* 231 Pa.Super. 407, 332 A.2d 824 (1975), *Commonwealth v. Pincavitch,* 206 Pa.Super. 539, 214 A.2d 280 (1965), and contrast with *United States v. Crutchfield,* 418 F.Supp. 701 (W.D.Pa.1976). No evidence of violence, the threat of violence or the appellant fleeing discounted the need to resort to an arrest of the accused. See *Comment* to Rule 70. Therefore, the question we need to resolve is under what circumstances can police conduct a warrantless search of a vehicle incident to a summary offense.

 Albeit it is true that the general practice in nontraffic summary cases is to issue a citation and not arrest, see *Shillingford,* supra; *Pincavitch,* supra; Rules 51 and 70, this does not prohibit the conducting of a warrantless search of a vehicle where police have probable cause to believe that evidence of a crime is concealed within the vehicle. See, *e.g., Commonwealth v. Jenkins,* 401 Pa.Super. 580, 585 A.2d 1078 (1991); *State v. Spellman,* supra.

The fact that the vehicle may be impounded does not curtail the police's right to conduct the warrantless search.[4]

More to the point, in *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), the United States Supreme Court recited the conditions under which a warrantless search of an automobile would be tolerated; *viz.:*

> In terms of the circumstances justifying a warrantless search, the Court has long distinguished between an automobile and a home or office. In *Carroll v. United States*, 267 U.S. 132 [45 S.Ct. 280, 69 L.Ed. 543] (1925), the issue was the admissibility in evidence of contraband liquor seized in a warrantless search of a car on the highway. After surveying the law from the time of the adoption of the Fourth Amendment onward, the Court held that automobiles and other conveyances may be searched without a warrant in circumstances that would not justify the search without a warrant of a house or an office, provided that there is probable cause to believe that the car contains articles that the officers are entitled to seize. The Court expressed its holding as follows:
>
> > "We have made a somewhat extended reference to these statutes to show that the guaranty of freedom from unreasonable searches and seizures by the Fourth Amendment has been construed, practically since the

---

**4.** The intrusiveness sought to be minimized by opting to impound a motorist's vehicle is no more effective than by pursuing to search the same vehicle without the benefit of a warrant. Each circumstance has its level of invasion of one's privacy. In both instances, we need to be concerned with determining whether sufficient probable cause exists to justify the intrusion. See *Commonwealth v. Bailey*, 376 Pa.Super. 291, 545 A.2d 942 (1988). Furthermore, the right of the police to conduct a warrantless search of an automobile, even where the impoundment of the vehicle could have taken place while a warrant was being obtained, is not precluded since "immobilization has been held to be an alternative, not a requirement." *Commonwealth v. Baker*, 518 Pa. 145, 541 A.2d 1381, 1383 (1988).

And, the fact that the offense believed to have been committed, underage drinking, was a summary offense does not render inapposite the probable cause standard to believe that the law was being or had been violated because a "summary" offense is considered a "crime" for which the panoply of punishments (imprisonment, fine and/or probation) attach. See *Interest of Golden*, 243 Pa.Super. 267, 365 A.2d 157 (1976).

beginning of the government, as recognizing a necessary difference between a search of a store, dwelling house, or other structure in respect of which a proper official warrant readily may be obtained and a search of a ship, motor boat, wagon, or automobile for contraband goods, where it is not practicable to secure a warrant, because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought.

"Having thus established that contraband goods concealed and illegally transported in an automobile or other vehicle may be searched for without a warrant, we come now to consider under what circumstances such search may be made. * * * [T]hose lawfully within the country, entitled to use the public highways, have a right to free passage without interruption or search unless there is known to a competent official, authorized to search, probable cause for believing that their vehicles are carrying contraband or illegal merchandise. . . .

\* \* \* \* \* \*

"The measure of legality of such a seizure is, therefore, that the seizing officer shall have reasonable or probable cause for believing that the automobile which he stops and seizes has contraband liquor therein which is being illegally transported." 267 U.S. at 153–154, 155–156 [45 S.Ct. at 285–286].

The Court also noted that the search of an auto on probable cause proceeds on a theory wholly different from that justifying the search incident to an arrest:

"The right to search and the validity of the seizure are not dependent on the right to arrest. They are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law." 267 U.S. at 158–159 [45 S.Ct. at 287].

399 U.S. at 48–49, 90 S.Ct. at 1979–1980. To the same effect see *Commonwealth v. Shaffer*, 447 Pa. 91, 104, 288 A.2d 727, 735 (1972), wherein it was written:

As we recently stated in *Commonwealth v. Dussell*, 439 Pa. 392, 266 A.2d 659 (1970), the stopping of an automobile or the arrest of the driver of a motor vehicle for an ordinary traffic offense does not without more, permit a warrantless search of the vehicle. To justify such a search, even though a movable vehicle is involved, an officer must have independent probable cause to believe that a felony has been committed by the occupants of the vehicle, or that it has been used in the furtherance of the commission of a felony, or the officer must have a basis for believing that evidence of a crime is concealed within the vehicle, or that there are weapons therein which are accessible to the occupants. See *Commonwealth v. Dussell, supra,* and authorities cited therein.

Quoting *Commonwealth v. Lewis*, 442 Pa. 98, 101, 275 A.2d 51, 52 (1971) (Emphasis deleted). Accord *Commonwealth v. Bailey*, 376 Pa.Super. 291, 296, 545 A.2d 942, 944 (1988).

What is to be garnered from the *Chambers* line of cases is the precept that where facts show that the police had probable cause to believe that evidence of a crime is located within the lawfully stopped vehicle, this same probable cause transcends the stop to "justif[y] the search of every part of the vehicle and its contents that may conceal the object of the search." *Jenkins*, supra, 401 Pa.Super. at 590, 585 A.2d at 1083, quoting *United States v. Ross*, 456 U.S. 798, 825, 102 S.Ct. 2157, 2173, 72 L.Ed.2d 572 (1982).

In adherence with the law just recited, we find that Officer Bickle had a "basis for believing that evidence of a crime (a Section 6308(a) violation) was concealed within the vehicle." For example, the officer received a call from Constable Willis Bish that he "had a problem" and the police were "needed ... at the inn." Officer Bickle had been to Days Inn on numerous occasions on similar calls. Therefore, given the time (12:00 a.m.), day (Sunday) and information relayed ("a problem" needed attending), he

"assumed" that the problem had "something to do with underage drinking." Once at the site, Officer Bickle questioned the appellant and ascertained his age (19), as well as detecting an "odor" of alcohol on the youth's breath. The appellant also was observed standing next to the driver's side of a vehicle which had its door open.

Thus, looking at all of the circumstances in a common-sense fashion and through the eyes of a "trained and experienced" officer, we hold that Officer Bickle's "assumption" escalated to "reasonable" grounds upon the completion of his investigation. As such, the police acted properly in securing [5] access to the appellant's vehicle and retrieving the beer.

Having concluded that the police acted lawfully in entering the trunk of the appellant's vehicle, we may now turn to the issue of whether the evidence presented was sufficient to convict the appellant of violating Section 6308(a); it reads:

A person commits a summary offense if he, being less than 21 years of age, attempts to purchase, purchases, consumes, possesses or knowingly and intentionally transports any liquor or malt or brewed beverages, as defined in section 6310.6 (relating to definitions).

As amended 1988, March 25, P.L. 262, No. 31, § 10, effective in 60 days, 18 Pa.C.S. § 6308(a) (Supp.1990).[6]

**5.** The trial court did not rule upon the voluntariness of the appellant's opening of the trunk to the vehicle, which the police testified occurred after the accused was advised that the vehicle would be impounded until a search warrant could be obtained if the trunk were not opened.

The appellant testified that the key was removed forcibly from his hand by the police and used to enter the trunk. We need not resolve this credibility issue since it is not within our bailiwick to do so. Rather, we deem it sufficient to find that the police had probable cause to believe that the trunk contained contraband. See *Chambers v. Maroney*, 399 U.S. 42, 48–49, 90 S.Ct. 1975, 1979–1980, 26 L.Ed.2d 419 (1970). Accordingly, the search was proper.

**6.** The predecessor to the present statute read:

§ 6308. Purchase, consumption, possession or transportation of intoxicating beverages

It is the appellant's contention that absent proof from the Commonwealth that the beverage he consumed contained at least 0.50% of alcohol by volume, as referred to in 18 Pa.C.S. § 6310.6,[7]

> ... the prosecution clearly did not meet its burden of proof beyond a reasonable doubt under Section 6308(a). In other words, in order for odor on one's breath *alone* to be sufficient to convict defendant, said odor would have to equate to a percentage of alcohol by volume in the amount of 0.50% (or more). The prosecution presented no evidence to that effect. Rather, the prosecution based its case on "evidence" which the trial court refrained from considering in its ultimate decision.

Appellant's Brief at 6–7 (Emphasis in original).

Although the trial court admitted that it may have erred in finding the appellant guilty of Section 6308(a) *solely* upon Officer Bickle's testimony of smelling alcohol on his breath, see Trial Court Opinion at 6; N.T. 38, the entire opinion of the trial court needs to be read to appreciate that this same fact was viewed in tandem with other evidence in validating the warrantless search of the appellant's vehicle. For example, on the last page of the trial court's opinion, mention is made of the officer detecting the odor of alcoholic beverages on the appellant's breath and looking to it as a *factor* in upholding the warrantless search. It is not that the trial court discounted totally the efficacy of the odor of alcohol. On the contrary, it merely utilized it in conjunction with the other evidence before the officer in deciding the search question.

The trial court had before it testimony indicating an odor of alcohol on the appellant's breath *and the seizure of eight*

A person commits a summary offense if he, being less than 21 years of age, attempts to purchase, purchases, consumes, possesses or transports any alcohol, liquor or malt or brewed beverages.
18 Pa.C.S. § 6308 (1983) (amended in 1988).

7. Section 6310.6 defines malt or brewed beverages as:
Any beer, lager beer, ale, porter or similar fermented malt beverage containing 0.50% or more of alcohol by volume, by whatever name such beverage may be called.

*Coors Light beers from his vehicle,* both elements of which we find sufficient to sustain the appellant's conviction for contravening Section 6308(a).[8] See *Commonwealth v. Weller,* 399 Pa.Super. 168, 581 A.2d 1390 (1990), which affirmed the judgment of sentence for the misdemeanor of furnishing alcohol to a minor. 18 Pa.C.S. § 6310.1.

The evidence at trial was that the appellant had purchased two cases of Coors beer for two minors. The beer was presented as an exhibit at trial.

It was the appellant's argument that the Commonwealth failed to prove every element of a Section 6310.1 violation when no evidence was offered concerning the alcoholic content of the Coors beer. In dismissing the appellant's claim, the *Weller* Court wrote:

> In the case before us, the record indicates that not only did the minors testify that appellant furnished beer to them, but an investigating state police trooper also testified that he obtained from the minors seven cans of beer which appellant had given them. Additionally, these seven cans of Coors beer were presented as an exhibit at trial. Had the seven cans of beer been properly offered and received into evidence at trial, then the sufficiency of the evidence presented could not be questioned, as we take judicial notice of the fact that Coors Lite [*sic*] beer is a malt or brewed beverage satisfying the statutory definition.

More recently, in *Commonwealth v. Tau Kappa Epsilon,*[9] 385 Pa.Super. 247, 560 A.2d 786 (1989), we conclud-

8. Since the "admission" of the appellant to consuming alcohol was not considered by the trial court in establishing the validity of the search of the appellant's vehicle, we may not rely upon it in assessing the sufficiency of the evidence question. See note 2, supra.

9. This writer filed a dissenting opinion in *Tau Kappa Epsilon,* supra, in which I expressed the view, which did not garner a majority vote, that the criminal nature of the charge necessitated that proof of the alcoholic content of the beer was a condition precedent to sustaining any conviction under the Liquor Code.

The position espoused by the majority in *Tau Kappa Epsilon,* and endorsed by *Weller,* supra, is the law until altered by our Supreme Court. Accordingly, precedent having been established, this Court

ed that the Commonwealth's evidence was sufficient to support the jury's finding that appellants served malt or brewed beverages to minors in violation of § 493(1) of the Liquor Code. In that case, appellants, fraternities at Penn State University, were found guilty of furnishing beer to minors in violation of § 493(a) of the Liquor Code. As part of an investigation, members of the State College Bureau of Police Services made visits to fraternity houses during social functions and observed beer being served to minors. The investigators testified at trial to that effect, in addition to the testimony of the minors. We distinguished the holding in [*Commonwealth v.] Erney*, [212 Pa.Super. 174, 239 A.2d 818 (1968)] on the basis of this additional testimony of the investigating officers and held that the Commonwealth was not required to perform a chemical test to establish the exact alcohol content of the beer. The testimony of the minors in conjunction with that of the investigating officers was sufficient to support the jury's conclusion that appellant furnished malt or brewed beverages to minors....

399 Pa.Super. at 171–172, 581 A.2d at 1391. See also *In Re: ABC, A Juvenile*, 12 Adams County L.J. 142 (1971), *Commonwealth v. Boyer*, 63 Lanc.L.Rev. 51 (1970), aff'd 219 Pa.Super. 756, 281 A.2d 349 (1971) and contrast with *In Re Kauffman*, 215 Pa.Super. 110, 257 A.2d 313 (1969).

In light of *Weller* and *Tau Kappa Epsilon*, the prosecution need not have produced a chemical test of the beer seized from the appellant's vehicle and reading 0.50% or more to constitute a violation of Section 6308(a). The testimony of Officer Bickle, indicating the detection of an odor of alcohol emanating from the appellant, and the seizing of Coors Light beer from the appellant's vehicle contemporaneously thereto constitute sufficient evidence to affirm the appellant's conviction and order entering judg-

will adhere to the rulings enunciated under *Weller* and *Tau Kappa Epsilon*, the latter of which has been granted allocatur by the Pennsylvania Supreme Court. See 525 Pa. 581, 575 A.2d 112 (1990).

ment of sentence for violating Section 6308(a).[10]

Order affirmed.

MONTGOMERY, J., concurs in the result.

10. We would note, as an aside, that Section 6308(a) proscribes the "possession" of alcoholic beverages by one under 21 years of age. Instantly, with the seizure of the Coors Light beer from the appellant's vehicle, it would have been proper to uphold the appellant's conviction for either being in actual possession of the beer or having exercised a conscious dominion or control over the beverage. Cf. *Commonwealth v. Shaffer*, 447 Pa. 91, 288 A.2d 727, 735 (1972). This could have occurred, notwithstanding the appellant's and the Commonwealth's reference in their respective briefs that "consumption" of the beer is being challenged on appeal. The trial court merely stated that, premised on the seizure of the beer by the police from the appellant's vehicle, it found that a contravention of Section 6308(a) had occurred. This could just as likely be read to endorse a "possession" charge under Section 6308(a) against the appellant. In either instance, the conviction and judgment of sentence should stand.