J-S17027-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMISON MICEL DOWARD | : | |
| | : | |
| Appellant | : | No. 130 WDA 2023 |

Appeal from the Judgment of Sentence Entered September 6, 2022
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0002637-2020

BEFORE: LAZARUS, J., OLSON, J., and KING, J.

MEMORANDUM BY OLSON, J.: **FILED: June 30, 2023**

Appellant, Jamison Micel Doward, appeals from the judgment of sentence entered on September 6, 2022, following his bench trial convictions for driving under the influence (DUI): general impairment, DUI: high rate of alcohol, and driving on roadways laned for traffic.[1] We affirm.

The trial court summarized the facts of this case as follows:

Officer Brian Cope of the Penn Township Police Department [] testified that [he was] working [his 2:00 p.m. to 10:00 p.m. patrol] shift on December 29, 2019 when he received a [call from police] dispatch concerning a single-vehicle accident, causing damage to a mailbox [on] Meadowbrook Road [in Westmoreland County, Pennsylvania]. Officer Cope spoke with the owner [of the mailbox], Beverly Shickel, who said that she had heard a loud commotion and then saw her damaged mailbox and a white truck pulled over on the side of the road a couple of houses away from hers. The officer noticed tire marks in the grass approximately four (4) to five (5) feet before the damaged mailbox. He also

---

[1] 75 Pa.C.S.A. §§ 3802(a)(1), 3802(b), and 3309(1), respectively.

observed several one (1) foot high, sharp, metal posts, lining the Shickel's yard, leading up to the mailbox.

As Officer Cope approached the vehicle Shickel identified as the one that had damaged her mailbox, [Appellant] exited from the driver's seat. The only passenger in the vehicle remained inside. The officer explained to [Appellant] that he was investigating the accident, and he asked if [Appellant] had been the one driving. [Appellant] admitted that he had and that he had hit the mailbox. During their conversation, Officer Cope detected the odor of alcohol on [Appellant's] breath. He asked [Appellant] if he had been drinking. Officer Cope testified that [Appellant] admitted to drinking a 16-ounce beer and possibly a second one. Several indicators of intoxication were observed by the officer: [Appellant's] speech was slurred and slow, his eyes were bloodshot, and his face was red. Officer Cope asked [Appellant] to perform field sobriety tests [and Appellant] agreed.

Defense [c]ounsel stipulated that [Appellant] did not pass the field sobriety tests and showed signs of impairment. Officer Cope testified that based upon [Appellant's] admissions that he had consumed alcohol shortly before driving and striking the mailbox, the odor of alcohol on [Appellant's] breath, and [Appellant's] failure to satisfactorily perform the field sobriety tests, he arrested [Appellant]. Officer Cope examined [Appellant's] truck and observed damage to the passenger-side tires and mirror. He also observed an unopened shot-sized bottle of Fireball lying on the passenger side in plain view.

Officer Cope [gave proper] blood-testing notice to [Appellant who] refused the [blood] test [but] agreed to take a breathalyzer test. […] The parties stipulated that the results of the [subsequent] breath test were accurate and noted a [blood alcohol content (BAC)] of .147 %.

Based on his observations of [] Shickel's yard and [Appellant's] vehicle, Officer Cope opined that [Appellant] had veered off the roadway and drove approximately four (4) to five (5) feet in[to] [] Shickel's yard. He surmised that the passenger's side tires had struck the sharp metal posts, causing punctures, and that the vehicle then struck the mailbox, damaging the passenger side mirror.

[… Appellant testified], on the day in question, he and his passenger, Alex Hook, had gone to the Red Robin restaurant at the Monroeville Mall for lunch. He [drank] a glass of wine, and

Hook [drank] one (1) or two (2) beers. [Appellant], who denied ever drinking beer, believed that Officer Cope had incorrectly recalled Hook's statement about alcohol consumption rather than his. After lunch, [Appellant] and Hook walked around the mall and then left around 5:30 p.m. On their way home to Greensburg, [Appellant] stopped at the liquor store and bought a ten-pack of [single serving-sized bottles of] Fireball hard liquor. While driving on Meadowbrook Road, [Appellant] felt his truck "go out of control." He swerved towards the side of the road. He collided with the mailbox and then pulled into the nearest driveway, adjacent to the yard where the mailbox was struck. After exiting his truck to access the damage, [Appellant] asked Hook to give him his [cellular tele]phone, so he could call his father for a ride. He also requested from Hook (who did not testify) three (3) [single serving-sized bottles] of Fireball so that he could calm down. He [testified that he] drank them in five (5) minutes. When asked by [defense] counsel if he believed it had been a good idea to start drinking in a stranger's driveway, [Appellant] responded that his "car wasn't going anywhere, and [he] was calling for a ride." The [owner of the property where the truck eventually came to a stop] gave him permission to leave his truck in the driveway until someone could fix it or pick it up. [Appellant] then intended to speak with the owner of the mailbox; however, the police arrived and he was detained. When he started speaking with Officer Cope, he felt "threatened," so he "quieted down." He knew he was intoxicated when Officer Cope arrived. He refused a blood test because he has a fear of needles, so "he didn't think it was a good fit." When asked on direct [examination] why he did not tell Officer Cope that he had consumed three (3) Fireball shots immediately after the accident, [Appellant] stated it was because of "embarrassment." Later, on cross-examination, he changed his reason to "fear." [Appellant] admitted on cross[-examination] that he told [Officer] Cope, during the field sobriety tests, "congratulations, you got me."

Trial Court Opinion, 1/30/2023, at 1-4 (record citations omitted).

The trial court found Appellant guilty of the aforementioned offenses on July 14, 2022. On September 6, 2022, the trial court imposed an aggregate

sentence of 48 hours to six months of imprisonment. This timely appeal resulted.[2]

On appeal, Appellant presents a sole issue for our review:

Whether the [t]rial [c]ourt erred in determining [] Appellant's convictions were supported by the weight of the evidence despite evidence that [] Appellant was not intoxicated while he operated his motor vehicle and the alleged accident was caused by the sudden loss of control?

_____

[2] Appellant filed a timely post-sentence motion on September 7, 2022. On October 19, 2022, the trial court entered an order directing the parties to file briefs on Appellant's post-sentence motion and extending its deadline to rule on the post-sentence motion by 30 days. *See* Pa.R.Crim.P. 720(B)(3)(a)-(b) (Generally, "the judge shall decide the post-sentence motion … within 120 days of the filing of the motion" but "the judge may grant one 30-day extension for decision on the motion.") As such, the trial court had 150 days from the date Appellant filed his post-sentence motion, or until February 4, 2023, to rule. Ultimately after reviewing the parties' briefs, on January 30, 2023, the trial court entered a timely order, and accompanying opinion, denying Appellant's post-sentence motion. Appellant filed a timely notice of appeal on January 31, 2023. *See Commonwealth v. Perry*, 820 A.2d 734, 735 (Pa. Super. 2003) (when a trial court denies a post-sentence motion after the 120-day period set forth under Pa.R.Crim.P. 720(B)(3)(a) and the appellant then files an appeal within 30 days of the date of that decision, this Court has found that the notice of appeal is timely). Although Appellant claims, in his notice of appeal, that the appeal resulted from the "judgment of sentence" imposed on July 14, 2022 (the date that he was found guilty), his judgment of sentence did not become final until September 6, 2022 (the date he was sentenced). *See Commonwealth v. Trunzo*, 589 A.2d 1147, 1149 n.3 (Pa. Super. 1991) (citation omitted) ("As is well known, the judgment in a criminal case is the sentence and not the conviction; final judgment in a criminal case means sentence."). As such, we have corrected the caption accordingly. *See Commonwealth v. Shamberger*, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*) (correcting caption to reflect that an appeal in a criminal case properly lies from judgment of sentence). On February 2, 2023, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On March 7, 2023, after the grant of a trial court extension, Appellant complied timely. On March 13, 2023, the trial court filed a statement in *lieu* of an opinion pursuant to Pa.R.A.P. 1925(a), relying upon its earlier decision filed on January 30, 2023.

Appellant's Brief at 2 (numbering omitted).

Appellant argues that his convictions were against the weight of the evidence presented at trial. *Id.* at 8-15. More specifically, Appellant claims that the trial court was confronted with:

> two (2) plausible explanations for the cause of a minor accident by Appellant's failure to safely operate a motor vehicle: (1) that [] Appellant was intoxicated to such a degree that he could not operate the vehicle safely and (2) [] Appellant suddenly lost control of his car due to damaged tires, causing the accident [and that] he became intoxicated *after* his vehicle was disabled[].

*Id.* at 8 (emphasis in original). Appellant asserts that "the only evidence the Commonwealth produced that the vehicle became disabled once *off* the roadway was Officer Cope's speculation that the vehicle hit a post in the grass[, a] theory [] unsupported by any physical evidence as Officer Cope admitted[.]" *Id.* at 13 (record citations omitted; emphasis in original). Hence, in sum, Appellant concludes:

> The evidence offered in this case is inherently unreliable as it is premised on the surmise of how the accident occurred. When both theories are viewed together, it is difficult to determine which is truth. As this difficulty appears to have been resolved in favor of the speculative conclusion that [] Appellant was intoxicated to such a degree that he could not operate the vehicle *prior* to the accident, the guilty verdicts are not supported by the weight of the evidence. To accept one speculative conclusion and ignore other essential facts before the [c]ourt is a miscarriage of justice that should shock the conscience of the [c]ourt. [] Appellant's convictions should therefore be discharged.

*Id.* at 14-15 (emphasis in original).

Our standard of review is well-settled:

A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. It has often been stated that a new trial should be awarded when the [] verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained:

> The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not

applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

***Commonwealth v. Soto***, 202 A.3d 80, 97 (Pa. Super. 2018) (citation and some quotations omitted).

Here, the trial court determined:

[Appellant] argues that because there are two (2) equally plausible explanations how the accident occurred – because of [DUI] or because the [] tires blew out, and why he was intoxicated when Officer Cope arrived – because he consumed alcohol at lunch or because he quickly downed three (3) shots [of alcohol] after the accident, the Commonwealth cannot sustain its burden of proof beyond a reasonable doubt. Despite suggesting that both stories are plausible, [Appellant] argues that the opinion offered by Officer Cope is unreliable and premised on speculation, and therefore cannot be used to prove [his] guilt. However, the [c]ourt is free to believe all, some, or none of a witness' testimony. The [trial c]ourt found Officer Cope to be credible and his testimony to be sufficient to satisfy the Commonwealth's burden of [proof to support Appellant's convictions]. On the other hand, the [trial c]ourt did not believe [Appellant's] explanation of why he was intoxicated when Officer Cope arrived or why he never told Officer Cope that he had consumed three (3) shots [of alcohol] after the accident. The [c]ourt is free to make that determination. Only when the verdict is so contrary to the evidence as to shock one's sense of justice should the evidence be disregarded. In this case, Officer Cope's observations of the damaged mailbox, tire marks in the grass, damage to [Appellant']s vehicle and indicators of intoxication all support the [trial c]ourt's decision to convict [Appellant] of two (2) counts of DUI and a summary offense of leaving the roadway.

Trial Court Opinion, 1/30/2023, at 4-5 (record citation omitted).

The trial court ultimately determined that, in this case, the verdict was not contrary to the evidence as to shock one's sense of justice. Initially, we note that a new trial should not be granted because of a mere conflict in the testimony or because another judge on the same facts would have arrived at

a different conclusion. The role of the trial judge was to determine whether certain facts were so clearly of greater weight that to ignore them or to give them equal weight with all the facts was to deny justice. Here, the trial court made credibility determinations and gave greater weight to Officer Cope's testimony than Appellant's testimony. While Appellant suggests that the trial court should have given more weight to his testimony, we must give the gravest consideration to the findings and reasons advanced by the trial judge. Because the verdict was not so shocking to the conscience of the court, we find no abuse of discretion in ruling on Appellant's weight of the evidence claim. For all of the foregoing reasons, Appellant's sole appellate claim lacks merit.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/30/2023