580 A.2d 388

**COMMONWEALTH of Pennsylvania**

v.

**Robert J. BRICKER, Appellant.**

Superior Court of Pennsylvania.

Submitted July 23, 1990.

Filed Sept. 27, 1990.

Petition for Allowance of Appeal
Denied Feb. 12, 1991.

---

Dwight–Jared Smith, Harrisburg, for appellant.

Kathy G. Wingert, Deputy Dist. Atty., Harrisburg, for the Com., appellee.

Before CAVANAUGH, TAMILIA and HESTER, JJ.

HESTER, Judge:

This is a direct appeal from the judgment of sentence of six to twenty-three months imprisonment imposed by the Dauphin County Court of Common Pleas on November 27, 1989. Appellant, Robert J. Bricker, was convicted by a jury

on November 4, 1988, of corruption of a minor. In this appeal he alleges that there is insufficient evidence to support the conviction in light of his acquittal of the offenses of indecent assault and involuntary deviate sexual intercourse, which were specified in the information filed against him as the corrupting acts supporting the charge of corruption of a minor. We disagree and affirm.

The trial court summarized the facts as follows:

The charges stem from incidents which occurred over a two year period of time when Robert Bricker began living with the mother of the victim, eleven year old April Mateer.

April testified that Bricker touched her where she did not want to be touched. She stated that when people were at home he would pull the zipper down on her pants and do whatever he wanted to. More specifically, he would pull down his zipper and touch her with his "private". This happened more than once.

When others were not present in the home, he would take off all of her clothes and would touch her vagina and bottom with "his private, his hand and his tongue." He would rub both his penis and tongue against her vagina. He also tried to insert his penis into her behind. She stated that when he used his private "it got fatter and some kind of liquid came out." These acts also occurred more than once. April also stated that Bricker requested that she put her mouth on his private. She refused and instead "I spit on my hand and put it on his private."

Bricker told April that when she turned 20 he would "pop her cherry."

Trial court opinion, 4/10/90, at 2–3 (citations to transcript omitted).

Appellant acknowledges that this court, in *Commonwealth v. Anderson*, 379 Pa.Super. 589, 550 A.2d 807 (1988), sustained a conviction for corruption of a minor even though the defendant had been acquitted of two counts of indecent assault based upon the same acts underlying the corruption of a minor charge. However, appellant contends

*Anderson* is distinguishable from the instant case because the information therein [1] *identified specific acts* as the basis for the corruption of a minor charge, not simply the statutory offenses, as in the present case.[2]

Appellant notes that the jury found him not guilty of involuntary deviate sexual intercourse and indecent assault. He contends that since these were the only acts enumerated by the Commonwealth in support of the corruption of a minor charge in the information, "it is apparent that the jury considered evidence other than the specific acts of corruption alleged by the Commonwealth [in the information] in reaching its verdict." Appellant's brief at 7. We disagree.

Initially, we note that consistency in verdicts between different counts of a criminal information is unnecessary. *Dunn v. United States,* 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932); *see also United States v. Powell,* 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984). As we stated in *Commonwealth v. Glendening,* 262 Pa.Super. 357, 361, 396 A.2d 793, 795 (1979), "The rationale for this rule rests in the jury's sole prerogative to decide that conviction on some counts will provide sufficient punishment to acquit on the

1. In *Anderson,* the information charged, in pertinent part:
   COUNT # 4: Being the age of 18 years or older, corrupt or tend to corrupt the morals of ... in that he did perform cunnilingus on her two times, and placed his hands on her intimate parts on several occasions....
   CORRUPTION OF MINORS (M–1).
   *Id.,* 379 Pa.Super. at 591, 550 A.2d at 808.

2. In the instant case, the *complaint* filed against appellant states, in pertinent part:
   CORRUPTION OR [sic] MINORS
   The defendant did ... corrupt April Mateer ... in that he did have sex with her and did perform oral sex on her.
   The *information* filed against appellant states, in pertinent part:
   THIRD COUNT:
   did, being of the age of 18 years and upward ... corrupt or tend to corrupt the morals of a child....
   Child or children: April Mateer
   Age(s): 11 years old
   Acts of Corruption: The defendant engaged in involuntary deviate sexual intercourse with April Mateer.

remaining counts." Furthermore, "an acquittal cannot be interpreted as a specific finding in relation to some of the evidence." *Commonwealth v. Jackson,* 385 Pa.Super. 401, 411, 561 A.2d 335, 340 (1989), quoting *Commonwealth v. Carter,* 444 Pa. 405, 408, 282 A.2d 375, 376 (1971).

In *Commonwealth v. Anderson, supra,* we reiterated that the law requires only that there be sufficient evidence to support the convictions which the jury has returned. In reviewing a challenge to the sufficiency of the evidence we determine

> whether, viewing all the evidence admitted at trial, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth, the trier of fact could have found that each element of the offense charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt.

*Commonwealth v. Akers,* 392 Pa.Super. 170, 181, 572 A.2d 746, 751 (1990), quoting *Commonwealth v. Jackson,* 506 Pa. 469, 472–73, 485 A.2d 1102, 1103 (1984). It is within the province of the fact finder to determine the weight to be given to each witness's testimony and to believe all, part, or none of the evidence. *Commonwealth v. Carbone,* 524 Pa. 551, 574 A.2d 584 (1990); *Commonwealth v. Parker,* 387 Pa.Super. 415, 564 A.2d 246 (1989).

Corruption of a minor, 18 Pa.C.S. § 6301, provides, in part, that "whoever, being the age of 18 years and upwards, *by any act* corrupts or tends to corrupt the morals of any minor less than 18 years, ... is guilty of a misdemeanor of the first degree." (Emphasis added). Appellant clearly was on notice that he was charged with performing acts which also comprise the offenses of involuntary deviate sexual intercourse and indecent assault. Moreover, there clearly was sufficient evidence presented that appellant performed a multitude of acts that would corrupt a minor.

In *Commonwealth v. Anderson, supra,* we found that the conviction of corruption of a minor was supported by

the introduction of sufficient evidence for specific acts done by the defendant. These acts, not indecent assault, formed the basis of the corruption of a minor charge. We stated that the trial court had erred in "extracting from the jury's general verdict of not guilty of indecent assault, the specific finding that the underlying act was not committed." *Id.,* 379 Pa.Super. at 592, 550 A.2d at 808.

[A]n acquittal on indecent assault cannot be interpreted to mean as a matter of law that there was insufficient evidence to establish that the underlying acts in fact occurred.

This is especially so because the crime of indecent assault would have required proving not only that the underlying act occurred, but that the victims did not consent to the conduct.

*Id.,* 379 Pa.Super. at 592–93, 550 A.2d at 809.

The crime of indecent assault requires the Commonwealth to prove lack of consent. 18 Pa.C.S. § 3126. "Conversely, consent is never an issue for proof of a corruption of minors charge...." Thus, in *Anderson,* although the jury returned a verdict of not guilty of indecent assault by committing acts of cunnilingus, we could not determine if the jury decided that the acts did not occur, or if the acts occurred but the Commonwealth failed to prove that the victims did not consent to them.

Similarly, in the present case, we cannot determine if the jury decided that the acts comprising involuntary deviate sexual intercourse and indecent contact did not occur, or if some acts occurred and the child exaggerated, or if the jury simply was exercising leniency. Since we cannot determine why the jury returned a verdict of not guilty as to involuntary deviate sexual intercourse and indecent assault, we cannot say as a matter of law that the jury believed that the acts did not occur. *Commonwealth v. Anderson, supra.* This verdict is supported by the evidence and may not be reversed based upon the grounds advanced by appellant.

Judgment of sentence affirmed.