**COMMONWEALTH of Pennsylvania,**

v.

**Kenneth F. OLIVER, Appellant.**

Superior Court of Pennsylvania.

Submitted March 6, 1997.

Filed May 7, 1997.

David Crowley, Public Defender, Bellefonte, for appellant.

J. Karen Arnold, Assistant District Attorney, Bellefonte, for Commonwealth, appellee.

Before CIRILLO, President Judge Emeritus, POPOVICH and HESTER, JJ.

HESTER, Judge.

This direct appeal by appellant, Kenneth Oliver, is from the judgment of sentence of two to four years imprisonment entered following his conviction by a jury of three counts of furnishing alcohol to minors and two counts of corruption of the morals of minors. We affirm.

Appellant was charged with furnishing alcohol to minors Wes Dietrich, Amber Day, Lemuel Crater, and Marcia Bressler on May 21, 1994, and corrupting the morals of Amber Day and Lemuel Crater. In the early morning hours of May 22, 1994, a vehicle driven

by Wes Dietrich collided with a vehicle driven by Adam Nichols. Amber Day, a passenger in the Nichols vehicle, died as a result of injuries suffered in the crash. The drivers of both vehicles faced criminal charges resulting from that accident in Howard, Pennsylvania. Those charges are not involved herein.

Appellant raises the following issues for our review:

Whether the sentencing court abused its discretion in imposing an excessive sentence?

Whether the evidence was insufficient to establish the crimes for which the defendant was convicted?

Whether trial counsel was ineffective for failing to seek a cautionary instruction that the jury was not to use a police officer's recollection of a statement by a Commonwealth witness as substantive proof of that statement?

Whether the inconsistencies in the verdicts require arrest of judgment?

Appellant's brief at 9.

■ We begin by addressing the sufficiency of the evidence. Appellant notes that the only evidence offered by the Commonwealth that the beverages provided to the minors were alcoholic beverages was the testimony of Lemuel Crater and Marcia Bressler. Under *Commonwealth v. Erney*, 212 Pa.Super. 174, 239 A.2d 818 (1968), "a minor's testimony and observations of taste and smell are insufficient to prove the alcohol content of the beverage in question." Appellant's brief at 24. Thus, appellant contends the evidence was not sufficient to support his convictions.

Our standard for reviewing the sufficiency of the evidence is well-settled.

The test for determining the sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner and drawing all proper inferences favorable to the Commonwealth, the fact-finder could reasonably have determined all elements of the crime to have been es-

tablished beyond a reasonable doubt. *Commonwealth v. Syre*, 507 Pa. 299, 489 A.2d 1340 (1985). This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt. *Commonwealth v. Sullivan*, 472 Pa. 129, 150, 371 A.2d 468, 478 (1977); *Commonwealth v. Farquharson*, 467 Pa. 50, 354 A.2d 545 (1976); *Commonwealth v. Cox*, 466 Pa. 582, 353 A.2d 844 (1976).

*Commonwealth v. Hardcastle*, 519 Pa. 236, 246, 546 A.2d 1101, 1105 (1988); *see also Commonwealth v. Bowser*, 425 Pa.Super. 24, 624 A.2d 125 (1993); *Commonwealth v. Blystone*, 421 Pa.Super. 167, 617 A.2d 778 (1992); *Commonwealth v. Scott*, 376 Pa.Super. 416, 546 A.2d 96 (1988). In applying this test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. *See Commonwealth v. Blystone, supra.* In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. *See Commonwealth v. Nicotra*, 425 Pa.Super. 600, 625 A.2d 1259 (1993). Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. *Id.*

*Commonwealth v. Cassidy*, 447 Pa.Super. 192, 194–95, 668 A.2d 1143, 1144 (1995).

■ Selling or furnishing liquor or malt or brewed beverages to minors, 18 Pa.C.S. § 6310.1 provides, in pertinent part:

[A] person commits a misdemeanor of the third degree if he intentionally and knowingly sells or intentionally and knowingly furnishes, or purchases with the intent to sell or furnish, any liquor or malt or brewed beverages to a person who is less than 21 years of age.

The Crimes Code defines liquor as

any alcoholic, spirituous, vinous, fermented or other alcoholic beverage ... which con-

tain[s] more than 1.50% of alcohol by volume....

18 Pa.C.S. § 6310.6. Malt or brewed beverages are defined as:

> Any beer, lager beer, ale porter or similar fermented malt beverage containing 0.50% or more of alcohol by volume, by whatever name such beverage may be called.

*Id.*

*Commonwealth v. Erney, supra,* and *Commonwealth v. Tau Kappa Epsilon,* 530 Pa. 416, 609 A.2d 791 (1992), suggest that the Commonwealth was required to provide chemical testing of the beverages appellant provided to the minors herein. However, following our Supreme Court's decision in *Tau Kappa Epsilon,* the Pennsylvania Legislature enacted a statute which eliminates any such requirement. That statute, 75 Pa.C.S. § 6312, which is applicable to titles 75, 18, and 42, *see* 75 Pa.C.S. § 6312(a), provides, in pertinent part:

> In an action or proceeding ... in which a material element of the offense is that a substance is liquor or a malt or brewed beverage, all of the following apply:
>
> (1) Chemical analysis is not required to prove that the substance is liquor or a malt or brewed beverage.
>
> (2) Circumstantial evidence is sufficient to prove that the substance is liquor or a malt or brewed beverage.

With the above statutes in mind, we examine the evidence.

Lemuel Crater testified that he stopped at appellant's residence about 7:30 or 8:00 on the evening of May 21, 1994, when he observed appellant, appellant's wife, Barbara, Amber Day, and Wes Dietrich sitting on appellant's porch. Amber Day was drinking a wine cooler, which she described as such in Crater's presence, and Crater testified that he had a sip of it. Notes of Testimony (N.T.), 3/20/95,[1] at 23, 29. Lem Crater also testified that appellant and Wes Dietrich were drinking beer which came from a keg sitting on the deck of the upstairs apartment and that Dietrich also had a wine cooler. *Id.* at 26, 29. Appellant told Crater to help himself from the keg, which he did. *Id.* at 27–28.

Jesse Grieb, appellant's upstairs tenant, testified that he and members of his baseball team were at his apartment on May 21, 1994, beginning at about 3:30 p.m., and they ate and drank while planning strategy for an upcoming tournament. *Id.* at 81, 95–96. Grieb also testified that his friend, Kip Wolf, brought a keg of beer to his apartment about 5:00 p.m. that day. Wolf testified that he left the partially-filled keg on the outside deck, which was accessible from the outside of the house, when he left Grieb's apartment around 7:00 or 7:30 that evening. *Id.* at 101, 103.

Curt Heverly, a teacher at the local high school, testified that he went to Grieb's apartment about 3:30 p.m. on May 21, 1994, where he had a couple of hamburgers and a few beers. *Id.* at 80–82. Mr. Heverly testified that he observed appellant's wife and Amber Day that afternoon carrying groceries into appellant's house, including four-packs of wine coolers. *Id.* at 83–84.

Randall Leathers testified that he was at Grieb's apartment on the afternoon of May 21, 1994. At first, the group drank cans of beer, but when Kip Wolf arrived with a partially-filled keg, they drank from it. *Id.* at 108. Mr. Leathers also observed Amber Day with appellant and his wife. *Id.* at 109.

Jerrod Longo was at a bachelor party later that evening which many of the above-named witnesses also attended, and appellant admitted that he attended the party with Amber Day and Wes Dietrich. *Id.* at 123, A.T.. 3/20/95, at 20, 22. Mr. Longo testified that when appellant, Wes Dietrich, and Amber Day arrived at the party, Amber was drinking a wine cooler and "acted about half

---

**1.** We note that there are two separate volumes of testimony designated 3/20/95. We refer to the notes of testimony from the jury trial as "N.T.," and the separately bound notes of appellant's testimony from that date as "A.T."

smashed." N.T., 3/20/95, at 125. Longo further stated that when he later saw appellant driving Wes Dietrich's car after having attended the bachelor party, appellant told him "that [Wes Dietrich, Adam Nichols, and Amber Day] were too drunk to drive so he drove them home." N.T., 3/20/95, at 126.

Finally, Marcia Bressler testified that she was walking past appellant's house about 1:15 a.m. on May 22, 1994, when she observed Amber Day leaving with Amber's boyfriend, Adam Nichols, who had been present at the bachelor party. *Id.* at 63. Appellant, who stood talking to Wes Dietrich, gave Bressler a beer. *Id.* at 60–65.

We believe that the convictions are amply supported by direct and circumstantial evidence, consistency of the testimony of both minors and adults, and we conclude that appellant's argument concerning the sufficiency of the evidence must fail.

 Appellant, with new counsel, argues that trial counsel was ineffective for failing to request a cautionary instruction concerning the jury's consideration of Corporal Frederick Caldwell's testimony, offered over the defense's hearsay objection, that at the time of the incident, Marcia Bressler told Corporal Caldwell that the bottle of beer given to her by appellant had a Michelob label on it. At trial, Bressler could not remember what kind of beer it was.

In order to demonstrate ineffective assistance of counsel, an appellant must show: "1) that the underlying claim is of arguable merit; 2) that counsel's performance was unreasonable; and 3) that counsel's ineffectiveness prejudiced defendant." *Commonwealth v. Peterkin*, 538 Pa. 455, 460, 649 A.2d 121, 123 (1994).

*Commonwealth v. Robinson*, 452 Pa.Super. 606, 611–13, 682 A.2d 831, 834 (1996). Trial counsel is presumed to be effective, and the burden of proving ineffectiveness rests with appellant. *Commonwealth v. Wallace*, 433 Pa.Super. 518, 641 A.2d 321 (1994). Moreover, "[i]n reviewing any particular claim of ineffectiveness, we need not determine whether the first two prongs of this standard are met if the record evinces that Appellant has not met the prejudice prong." *Commonwealth v. Jones*, 546 Pa. 161, ——, 683 A.2d 1181, 1188 (1996), citing *Commonwealth v. Travaglia*, 541 Pa. 108, 118, 661 A.2d 352 (1995); *Commonwealth v. Wilson*, 543 Pa. 429, 672 A.2d 293 (1996).

"Prejudice . . . has been defined to mean that Appellant must establish that but for the arguably ineffective act or omission there is a reasonable probability that the result would have been different." *Commonwealth v. Crawley*, 541 Pa. 408, 414, 663 A.2d 676, 679 (1995). *See also Commonwealth v. Jermyn*, 533 Pa. 194, 198, 620 A.2d 1128, 1130 (1993) (in order to establish prejudice, appellant must demonstrate that counsel's improper course of conduct "had an adverse effect upon the outcome of the proceedings."); *Commonwealth v. Anthony*, 376 Pa.Super. 623, 628, 546 A.2d 1122, 1125 (1988) ("[T]o prove that counsel's ineffectiveness resulted in prejudice, an appellant must show that the error was 'so serious as to deprive him or her of a fair trial, a trial whose result was reliable.'") (Citations omitted).

*Commonwealth v. Cull*, 455 Pa.Super. 469, ——, 688 A.2d 1191, 1196–97 (1997).

 Appellant asserts that trial counsel's failure to seek a cautionary instruction "is inexplicable [since] the basis of the defense . . . was that minors are incompetent to testify to the alcoholic content of a beverage under *Erney*, and its progeny." Appellant's brief at 25. We previously ruled that the evidence offered at trial sufficiently supports the convictions for furnishing alcohol to minors, and the convictions rested upon the testimony of minors *and* adults and was both direct and circumstantial. Since there was a plethora of evidence to support the conclusion that appellant furnished alcohol to minors, it is clear that if any error occurred in allowing Corporal Caldwell to testify that Marcia Bressler had originally told him the bottle appellant handed her had a Michelob label on it, there is *no reasonable probability* that the result in this case would have been

different. Marcia Bressler clearly testified that appellant "offered me a beer," that he "call[ed] it a beer," that she "had beer on more than one occasion before," and that she knew from her prior experiences drinking beer that the bottle appellant gave to her indeed contained beer. N.T., 3/20/95, at 66–67. We conclude that appellant cannot establish prejudice; thus, this claim must fail.

■ Next, appellant contends that the guilty verdict for corruption of the morals of minor Lemuel Crater is inconsistent with his acquittal for furnishing alcohol to minor Lemuel Crater and that this alleged inconsistency warrants arrest of judgment on the corruption verdict. We disagree.

> [C]onsistency in verdicts between different counts of a criminal information is unnecessary.... "The rationale for this rule rests in the jury's sole prerogative to decide that conviction on some counts will provide sufficient punishment to acquit on the remaining counts." Furthermore, "an acquittal cannot be interpreted as a specific finding in relation to some of the evidence."

*Commonwealth v. Bricker*, 397 Pa.Super. 457, 460–61, 580 A.2d 388, 389 (1990) (citations omitted); *see also Commonwealth v. Miller*, 441 Pa.Super. 320, 657 A.2d 946 (1995) (inconsistent verdicts by a jury will not be disturbed provided the Commonwealth produced sufficient evidence of the crime for which the appellant was convicted). In making this argument, appellant reiterates the basis for his sufficiency claim wherein he relies on *Commonwealth v. Erney, supra*. We previously rejected appellant's argument in this regard. The law requires only that there be sufficient evidence to support the convictions which the jury returned, *Commonwealth v. Bricker, supra*, and we have so held herein.

Finally, appellant asserts that the trial court abused its discretion in sentencing him to an excessive sentence. This challenge is to the discretionary aspects of his sentence. Pa.R.A.P. 2119(f) and *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987),

require appellant to include in his brief a separate statement of reasons relied upon for this appeal. Appellant has complied with this requirement.

■ We proceed to consider whether appellant has demonstrated the existence of a substantial question that the sentence imposed is inappropriate under the Sentencing Code. 42 Pa.C.S. § 9781(b). Such a determination can be evaluated only on a case-by-case basis. *Commonwealth v. Semuta*, 386 Pa.Super. 254, 562 A.2d 894 (1989). The requirement that an appellant delineate the reasons relied upon for allowance of appeal has the effect of limiting any challenges to the trial court's evaluation of the factors impinging on the sentencing decision "to exceptional cases." *Commonwealth v. Tuladziecki, supra*, 513 Pa. at 513, 522 A.2d at 20; *Commonwealth v. Williams*, 386 Pa.Super. 322, 562 A.2d 1385 (1989).

■ In the statement of reasons relied upon for allowance of appeal as set forth in his brief, appellant asserts in conclusory fashion that the sentencing court "improperly considered the unrelated death of one of the furnishing 'victims' in justifying the sentence imposed" and "failed to state adequate reasons for the sentence imposed...." Appellant's brief at 14–15. In his statement of questions involved, appellant characterizes his sentence as being excessive. We note initially that a claim that a sentence is excessive does not raise a substantial question. *Commonwealth v. Johnson*, 446 Pa.Super. 192, 666 A.2d 690 (1995); *Commonwealth v. Nelson*, 446 Pa.Super. 240, 666 A.2d 714 (1995). However, as noted above, in his statement of reasons for allowance of appeal, appellant delineates two considerations for our review. We will overlook the lack of specificity and conclusory tone of the statement and consider the two reasons relied upon in reverse order of their presentation in the brief.

The claim that a sentencing court imposed a sentence outside of the guidelines and failed to state adequate reasons for the sen-

tence imposed does present a substantial question that the sentence is inappropriate under the Sentencing Code. *Commonwealth v. Johnson, supra.* However, appellant's contention that the sentencing court failed to state adequate reasons for the sentence imposed is belied by the record. The court stated the following:

It's my duty to state the reasons for my sentence. The sentence imposed should call for the minimum amount of confinement consistent with the protection of the public, gravity of the offense or the offenses and the rehabilitative needs of the Defendant.

I've considered a pre-sentence report and incorporate the same into the record for part of the reasons for my sentence in your case. I've considered statements made by your counsel, by yourself.

I've considered the circumstances of this offense, your education, character, background and prior criminal history. I've considered probation and rejected the same because I believe that you knew or you should have known that your conduct would threaten serious harm to others, that you did not act under any provocation. There are no substantial grounds tending to excuse or justify your conduct in this case.

I don't believe that the victim in this case or victims acted in any way to facilitate the acts against them. I've considered the fact that you have a prior criminal record of some standing and some length in this matter.

I've considered ... guilt without penalty and partial confinement and rejected both for the above-stated reasons.

I've chosen total confinement as I believe a lesser sentence would seriously depreciate the nature of your crime and that the state institution can best provide for your rehabilitation in this case.

N.T., 5/8/95, at 18–19.

 Appellant contends that the above statement of reasons, "without any indication as to how the Court weighed the various considerations" constituted an inadequate statement of reasons for imposition of the sentence. Appellant's brief at 21. This claim is akin to a challenge to the manner in which factors are weighed and essentially requests that we substitute our judgment for that of the sentencing court. Qualified in this way, such a claim does not present a substantial question. *Commonwealth v. Johnson, supra.* To the extent appellant is claiming that the statement of reasons is inadequate, we whole-heartedly disagree. This is not a mere allusion to the considerations of the Sentencing Code as condemned in *Commonwealth v. Mills,* 332 Pa.Super. 75, 480 A.2d 1192 (1984), and *Commonwealth v. Wicks,* 265 Pa.Super. 305, 401 A.2d 1223 (1979), upon which he relies. To the extent appellant argues that the sentencing court failed to "offer any insight into its 'thought process' in applying" the provisions of the sentencing code, appellant's brief at 20, we remind appellant of our Supreme Court's direction in *Commonwealth v. Devers,* 519 Pa. 88, 101–02, 546 A.2d 12, 18 (1988), wherein the Court stated:

We emphatically reject, therefore, interpretations of our law in this area which call for separate, written opinions embodying exegetical thought. Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.... [W]e state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure.... For that reason, *Wicks* and its voluminous progeny represent an intolerable deviation from our original intent on this issue.

Finally, we note that on its face, appellant's claim that the sentencing court improperly considered the "unrelated" death of Amber Day in sentencing appellant raises a substantial question. *Commonwealth v. Mickell,* 409 Pa.Super. 595, 598 A.2d 1003

(1991). However, our review of the sentencing transcript compels the conclusion that while the Commonwealth requested the court's consideration of this tragic consequence of appellant's actions, there is nothing in the record to suggest the court did rely upon it. Indeed, appellant points to nothing in the record save the Commonwealth's reference to it. Therefore, we need not analyze whether reliance on such a consideration, in such a case, is improper.

Our review of the record discloses no reason to disturb the sentence in this case. The sentencing court considered all necessary factors and adequately explained its reasons for its sentence.

Judgment of sentence affirmed.