J-S69005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER LEE OGDEN | |
| Appellant | No. 140 MDA 2016 |

Appeal from the Judgment of Sentence Entered December 16, 2015
In the Court of Common Pleas of Lackawanna County
Criminal Division at No: CP-35-CR-0000107-2015

BEFORE: STABILE, DUBOW, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED NOVEMBER 18, 2016**

Appellant Christopher Lee Ogden appeals from the judgment of sentence entered in the Court of Common Pleas of Lackawanna County ("trial court"), following his guilty plea to recklessly endangering another person under Section 2705 of the Crimes Code, 18 Pa.C.S.A. § 2705. Appellant's counsel has filed a petition to withdraw, alleging that this appeal is wholly frivolous, and filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). For the reasons set forth below, we affirm Appellant's judgment of sentence, and grant counsel's petition to withdraw.

_____

[*] Retired Senior Judge assigned to the Superior Court.

The facts and procedural history underlying this case are undisputed.[1] On August 25, 2015, Appellant pled guilty to the above-referenced crime in connection with fleeing from the police and leading them on a high-speed chase through the City of Scranton on December 31, 2014. In exchange, the Commonwealth *nolle prossed* numerous other charges against Appellant. On December 16, 2015, the trial court sentenced Appellant to 12 to 24 months' incarceration. On December 21, 2015, Appellant petitioned the trial court for reconsideration of sentence. The trial court denied Appellant's reconsideration motion on December 22, 2015. Appellant timely appealed to this Court. Following Appellant's filing of Pa.R.A.P. 1925(b) statement, the trial court issued a Pa.R.A.P. 1925(a) opinion.

On May 27, 2016, Appellant's counsel filed in this Court a motion to withdraw as counsel and filed an ***Anders*** brief, wherein counsel raises three issues for our review:

> [I.] Whether the sentence imposed was inappropriately harsh and excessive and an abuse of discretion?
>
> [II.] Whether the trial court failed to state on the record reasons or sufficient reasons for imposing a sentence in the aggravated range?
>
> [III.] Whether the trial court imposed an illegal sentence when it failed to state whether []Appellant was eligible [for Recidivism Risk Reduction Incentive ("RRRI") Program] in violation of 42 Pa.C.S.A. § 9756 and 61 Pa.C.S.A. § 4501?

***Anders*** Brief at 4.

---

[1] Unless otherwise specified, these facts come from the trial court's March 14, 2016 opinion.

When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first examining counsel's petition to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). It is well-established that, in requesting a withdrawal, counsel must satisfy the following procedural requirements: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) provide a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel, proceed *pro se* or raise additional arguments that the defendant considers worthy of the court's addition. **Commonwealth v. Lilley**, 978 A.2d 995, 997 (Pa. Super. 2009).

Instantly, counsel's petition to withdraw from representation provides that counsel reviewed the record and concluded that the appeal is frivolous. Furthermore, counsel notified Appellant that he was seeking permission to withdraw and provided Appellant with copies of the petition to withdraw and his **Anders** brief. Counsel also advised Appellant of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention. Accordingly, we conclude that counsel has satisfied the procedural requirements of **Anders**.

We next must determine whether counsel's **Anders** brief complies with the substantive requirements of **Santiago**, wherein our Supreme Court held:

[I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Here, our review of counsel's brief indicates that he has complied with the briefing requirements of **Santiago**. We, therefore, conclude that counsel has satisfied the minimum requirements of **Anders**/**Santiago**.

Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5. Thus, we now turn to the merits of Appellant's appeal.

Because Appellant's first two issues challenge the discretionary aspects of sentencing, we shall consider them together.[2] Appellant argues that the

---

[2] When reviewing a challenge to the trial court's discretion, our standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

*(Footnote Continued Next Page)*

- 4 -

trial court abused its discretion in sentencing him to 12 to 24 months' imprisonment because (1) the sentence was inappropriately harsh and excessive and (2) the trial court failed to state on the record sufficient reasons for Appellant's sentence.

"Initially, we note that when a defendant enters a guilty plea, he or she waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed." *Commonwealth v. Stradley*, 50 A.3d 769, 771 (Pa. Super. 2012) (citation omitted). "Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011) (citation omitted). "However, when the plea agreement is open, containing no bargained for or stated term of sentence, the defendant will not be precluded from appealing the discretionary aspects of h[is] sentence."[3] *Commonwealth v. Roden*, 730 A.2d 995, 997 n.2 (Pa. Super. 1999) (citation omitted).

It is well-settled that "[t]he right to appeal a discretionary aspect of sentence is not absolute." *Commonwealth v. Dunphy*, 20 A.3d 1215,

*(Footnote Continued)* ────────────

*Commonwealth v. Bowen*, 55 A.3d 1254, 1263 (Pa. Super. 2012) (quoting *Commonwealth v. Cunningham*, 805 A.2d 566, 575 (Pa. Super. 2002)), *appeal denied*, 64 A.3d 630 (Pa. 2013).

[3] The record in this case reveals that Appellant entered into an open guilty plea.

1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, an appellant's appeal should be considered as a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528 (Pa. Super. 2006)). Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. *See Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001), *appeal denied*, 796 A.2d 979 (Pa. 2002).

Here, Appellant has satisfied the first three requirements of the four-part *Moury* test. Appellant filed a timely appeal to this Court, preserved the issue on appeal through his post-sentence motions, and included a Pa.R.A.P.

2119(f) statement in his brief.[4]  We, therefore, must determine only if Appellant's sentencing issue raises a substantial question.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis.  **Commonwealth v. Paul**, 925 A.2d 825, 828 (Pa. Super. 2007).  We have found that a substantial question exists "when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process."  **Commonwealth v. Phillips**, 946 A.2d 103, 112 (Pa. Super. 2008) (citation omitted), **appeal denied**, 964 A.2d 895 (Pa. 2009).  "[W]e cannot look beyond the statement of questions presented and the prefatory [Rule] 2119(f) statement to determine whether a substantial question exists."  **Commonwealth v. Christine**, 78 A.3d 1, 10 (Pa. Super. 2013), **affirmed**, 125 A.3d 394 (Pa. 2015).

This Court does not accept bald assertions of sentencing errors.  **See Commonwealth v. Malovich**, 903 A.2d 1247, 1252 (Pa. Super. 2006).  When we examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists, "[o]ur inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying

---

[4] Rule 2119(f) provides that "[a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence."  Pa.R.A.P. 2119(f).

the appeal, which are necessary only to decide the appeal on the merits."

***Commonwealth v. Ahmad***, 961 A.2d 884, 886-87 (Pa. Super. 2008) (quoting ***Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005)). A Rule 2119(f) statement is inadequate when it "contains incantations of statutory provisions and pronouncements of conclusions of law[.]" ***Commonwealth v. Bullock***, 868 A.2d 516, 528 (Pa. Super. 2005) (citation omitted). Indeed, we consistently have held that bald assertions of excessiveness are insufficient to present a substantial question. ***See Commonwealth v. Fisher***, 47 A.3d 155, 159 (Pa. Super. 2012) ("[The a]ppellant simply asserts: 'A substantial question is presented about the sentence where the Court imposed a manifestly unreasonable sentence in excess of the guidelines without sufficient justification." . . . . This amounts to a bald assertion that [the a]ppellant's sentence was excessive, devoid of supporting legal authority."); ***see also Moury***, 992 A.2d at 170 ("As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. An appellant must articulate the reasons the sentencing court's actions violated the sentencing code.").

Here, Appellant's Rule 2119(f) statement provides the following explanation:

> Appellant believes that his sentence is "so manifestly excessive as to constitute too severe a punishment." ***See Commonwealth v. Mouzon***, 812 A.2d 617, 624 (Pa. 2002). The lower court imposed a sentence of 1 to 2 years. Appellant believes that the sentence was inappropriately harsh and excessive and that this Court should conduct a review of the sentence. Counsel for Appellant recognizes that this sentence fell within the statutory limits, albeit in the aggravated range.

> Moreover, Appellant claims that the lower court failed to state on the record adequate reasons for imposing sentences in the aggravated range, since none of the facts surrounding the commission of the crime involved aggravating circumstances. This Court has held that such a challenge to the sentence raises a substantial question. *Commonwealth v. Coss*, 695 A.2d 831 (Pa. Super. 1997).

*Anders* Brief at 10. Upon review of his Rule 2119(f) statement, we conclude that Appellant failed to raise a substantial question with respect to whether his sentence was inappropriately harsh or excessive. *See Fisher*, 47 A.3d at 159 ("[A] bald assertion that a sentence is excessive does not itself raise a substantial question justifying this Court's review of the merits of the underlying claim."); *see also Commonwealth v. Bromley*, 862 A.2d 598, 604 (Pa. Super. 2004) (explaining defendant did not raise a substantial question by merely asserting sentence was excessive when he failed to reference any section of Sentencing Code potentially violated by the sentence), *appeal denied*, 881 A.2d 818 (Pa. 2005).

Appellant, however, did raise a substantial question with respect to whether the trial court failed to state on the record sufficient reasons for Appellant's sentence. *See Commonwealth v. Oliver*, 693 A.2d 1342, 1347-48 (Pa. Super. 1997) ("The claim that a sentencing court imposed a sentence outside of the guidelines and failed to state adequate reasons for the sentence imposed does present a substantial question that the sentence is inappropriate under the Sentencing Code."). Accordingly, we address the merits of this claim.

Section 9721(b) of the Sentencing Code provides:

> In every case in which the court imposes a sentence for a felony or misdemeanor, modifies a sentence, resentences an offender following revocation of probation, county intermediate punishment or State intermediate punishment or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed. . . . Failure to comply shall be grounds for vacating the sentence or resentence and resentencing the defendant.

42 Pa.C.S.A. § 9721(b). The requirement that a trial court explain its sentence under Section 9721 has two components. As we recently explained in **Commonwealth v. Flowers**, __ A.3d __, 2016 PA. Super. 230 (filed October 24, 2016):

> First, the court must state its reasons on the record at the time the sentence is imposed. **See Commonwealth v. Riggins**, 377 A.2d 140, 143 (Pa. 1977); **Commonwealth v. Beasley**, 570 A.2d 1336, 1338 (Pa. Super. 1990) ("A sentencing court has a statutory duty to disclose in open court at the time of sentencing a statement of reasons for the sentence imposed"). Requiring the sentencing court to state its reasons at that time provides a procedural mechanism for the aggrieved party both to attempt to rebut the court's explanation and inclination before the sentencing proceeding ends, and to identify and frame substantive claims for post-sentence motions or appeal. **Commonwealth v. Reaves**, 923 A.2d 1119, 1129 (Pa. 2007).
>
> Second, although "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence, . . . the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." **Commonwealth v. Crump**, 995 A.2d 1280, 1283 (Pa. Super. 2010). A "discourse on the court's sentencing philosophy, as it applies to the defendant before it, is not required." **Commonwealth v. Hill**, 629 A.2d 949, 953 (Pa. Super. 1993). But "the reasons must reflect the judge's consideration of the sentencing code, the circumstances of the offense and the character of the offender." **Beasley**, 570 A.2d at 1338; **see also Hill**, 629 A.2d at 953 ("Simply put, the sentencing judge must state his or her reasons for the sentence imposed").

**Flowers**, **supra**, at *6.

With the foregoing in mind, we now turn to the record before us. Our review of the record reveals that Appellant's allegation that the trial court failed to state its reasons at sentencing is without merit. Specifically, the following exchange occurred between Appellant and the trial court at sentencing:

> The [trial c]ourt: Mr. Ogden, how many breaks have I given you?
>
> [Appellant]: Quite a few.
>
> The [trial c]ourt: Quite a few, including back in September, I let you out. You're telling me now you want to get treatment?
>
> [Appellant]: Yes.
>
> The [trial c]ourt: I let you out of jail on September 8th knowing your sentencing was coming up. I told you you had to be here a week later, what happened?
>
> [Appellant]: I –
>
> The [trial c]ourt: You didn't show.
>
> [Appellant]: I did colors and the night before I got high and then—
>
> The [trial c]ourt: Okay, well, I've given you every opportunity.
>
> [Appellant]: I took off.
>
> The [trial c]ourt: You took off. There's—I'm beginning to feel like Charlie Brown and you're holding the football. Every time I come up, you pull away. Alright, not today. With regard to recklessly endangering another person filed to 15-CR-107, you're to be incarcerated in State Correctional Institute for a minimum period of time which shall be 1 year to a maximum which shall be 2 years. That sentence falls in the aggravated range of the sentencing guidelines.

N.T. Sentencing, 12/16/15, at 3-4. Thus, the record belies Appellant's contention. The trial court here stated its reasons for imposing an aggravated range sentence. In so doing, the court noted that it had

provided Appellant an opportunity to seek help for his addiction problem, but instead, as Appellant admitted, he continued to use drugs. Accordingly, Appellant's argument lack merit.

Finally, Appellant argues that the trial court imposed an illegal sentence insofar as it failed to find Appellant eligible for RRRI. We disagree.

At the outset, we note that issues of RRRI eligibility involve non-waivable questions of law that implicate the legality of sentence. ***See***, ***e.g.***, ***Commonwealth v. Tobin***, 89 A.3d 663, 669 (Pa. Super. 2014) (construing a court's "failure to impose a[n] RRRI sentence" as a legality of sentence issue) (citations omitted); ***see also Commonwealth v. Hodge***, 144 A.3d 170, 172 (Pa. Super. 2016) ("A challenge to a court's failure to impose an RRRI sentence implicates the legality of the sentence."). The RRRI Act provides (1) that a sentencing court must designate a sentence as an RRRI sentence whenever the defendant is eligible for that designation, and (2) that a defendant is eligible for that designation if he has not been previously convicted of certain enumerated offenses and does not demonstrate a history of present or past violent behavior. 61 Pa.C.S.A. § 4503. Also, when a defendant has a prior conviction for personal injury, such conviction must be classified as a misdemeanor of the third degree to render the defendant eligible for RRRI. ***Id.***

Instantly, Appellant has two prior convictions for simple assault, which were classified as misdemeanors of the second degree. Accordingly, the trial court did not err in failing to find Appellant eligible for RRRI.

- 12 -

We have conducted an independent review of the record and addressed Appellant's arguments on appeal. Based on our conclusions above, we agree with counsel that the issues Appellant seeks to litigate in this appeal are wholly frivolous. Also, we do not discern any non-frivolous issues that Appellant could have raised. We, therefore, grant counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/18/2016